Rasheed McWilliams (SBN 281832)
Rasheed@cotmanip.com
Obi I. Iloputaife (CBN 192271)
obi@cotmanip.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX: (626) 316-7577
*Attorneys for Plaintiff*
*USB Technologies, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USB Technologies, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> Gigastone America Corp., a California corporation, <br><br> Defendant. | Case No. 8:16-cv-01334 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND PERMANENT INJUNCTION** <br><br> **DEMAND FOR JURY TRIAL** |

1
**COMPLAINT**

Plaintiff USB Technologies, LLC, ("USB Technologies"), by and through its undersigned counsel, for its Complaint against Defendant Gigastone America Corp. ("GIGASTONE") makes the following allegations. These allegations are made upon information and belief.

## NATURE OF THE ACTION

1. This is an action to stop Defendant's infringement of United States Patent Number 7,809,866 ("the '866 Patent").

## THE PARTIES

2. USB Technologies is a limited liability company organized under the laws of the State of California and has an office and principal place of business at 35 Hugus Alley, Suite 210, Pasadena, California 91103.

3. GIGASTONE is a corporation organized under the laws of the State of California having a place of business at 15770 Laguna Canyon Road, Suite 100, Irvine, CA 92618.

## JURISDICTION AND VENUE

4. This patent infringement action arises under the patent laws of the United States including 35 U.S.C. §§ 271, et seq.

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a) because it arises under United States Patent law.

6. This Court has personal jurisdiction over the Defendant because they (either directly or through their subsidiaries, divisions, groups or divisions) have sufficient minimum contacts with the forum as a result of business conducted within the State of California and this district; and/or specifically over the Defendant (either directly or through their subsidiaries, divisions, groups or distributors) because of their infringing conduct within or directed at the State of California and this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 1400(b).

///

## FACTS

8. USB Technologies is the owner, by assignment, the '866 Patent," entitled "Double interface SD flash memory card," which was duly and legally issued on October 5, 2010, by the United States Patent and Trademark Office.

9. A copy of U.S. Patent No. 7,809,866 is attached to this Complaint as Exhibit A.

10. The claims of the '866 Patent are valid and enforceable.

11. Claim 1 of the '866 Patent discloses a double interface flash memory card, which has a first transmission interface and a circuit board with a microprocessor and a plurality of flash memory thereon.

12. The double interface flash memory as described in Claim 1 has a first bus interface circuit especially for a system interface circuit of the flash memory card being able to perform signal transmission.

13. In addition, the double interface flash memory has a second bus interface circuit for the other information apparatuses, which are different from the flash memory card, being able to perform signal transmission.

14. Furthermore, the double interface flash memory card has an interface detection and switching circuit, electrically connecting with the first transmission interface, the first bus interface circuit and the second bus interface circuit for detecting if there is an initializing signal generated from the system interface circuit and switching to the first bus interface circuit or the second bus interface circuit according to the initializing signal being generated or not generated.

15. Finally, the microprocessor switches the status thereof to a working mode and a suitable system interface circuit mode is started according to what type of the system interface circuit being detected by the interface detection and switching circuit so that the microprocessor can detect, determine and support a connection action signal automatically; when either the first transmission interface or the second transmission interface offers the action signal at the transmission end thereof and, in

the meantime, the microprocessor switches the circuit and the related electronic elements on the circuit board to support data transmission action of the first transmission interface or the second transmission interface in the flash memories.

16. The Gigastone PhotoFast Max drives, namely the Gigastone Max 2.0, Gigastone Max 64 and Gigastone Max 128 ("ACCUSED PRODUCT(S)) feature a double interface flash memory as described in Claim 1, namely a USB interface and lightning interface. The drives also feature a first transmission interface and a circuit board with a microprocessor and a plurality of flash memory thereon.

17. The ACCUSED PRODUCTS are available in 32GB, 64GB and 128GB variants.

18. The ACCUSED PRODUCTS have a second bus interface circuit or the USB interface which is different from the flash memory card which can perform signal transmission.

19. The ACCUSED PRODUCTS have a second bus interface circuit for the other information apparatuses, which are different from the flash memory card, being able to perform signal transmission, namely the lightning interface.

20. The ACCUSED PRODUCTS also feature an interface detection and switching circuit. The interface detection and switching circuit of the ACCUSED PRODUCT(S), are electrically connected to the first transmission interface, the first bus interface circuit and the second bus interface circuit. The interface detection and switching circuit detects if there is an initializing signal from the system interface circuit, in this case, either the USB interface or the lightning interface. The circuit is then switched to the first bus interface or second bus interface circuit based on whether the initializing signal is generated or not generated.

21. The ACCUSED PRODUCTS' microprocessor switches the status based on whether a USB interface is detected or a lightning interface is detected. This then allows the microprocessor to detect, determine and support the correct connection signal automatically, with the first transmission interface or the second transmission

interface, namely, the USB interface or the lightning interface. The microprocessor in turn switches the circuit and the related electronic elements to support data transmission action using either the first transmission interface or second transmission interface to the flash memories, namely, either through the USB interface or the lighting interface.

22. At a minimum, the ACCUSED PRODUCTS' have all the elements of at least Claim 1 of the '866 patent.

23. Defendant GIGASTONE sells the ACCUSED PRODUCTS to its customers in the United States, including B&H Photo-Video-Audio and Fry's Electronics. See Exhibit B.

24. Defendant GIGASTONE's customer, Fry's Electronics, sell the ACCUSED PRODUCTS to their customers in the United States, including in this district. See Exhibit B.

## COUNT I
## CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271 ('866 PATENT)

25. USB Technologies realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

26. Defendant has sold, offered to sell and imported in the United States and in this district, products and services that infringe on at least Claim 1 of the '866 Patent, namely the ACCUSED PRODUCTS.

27. On information and belief, Defendant's customers have sold and offered for sale the ACCUSED PRODUCTS in the United States and in this district.

28. Unless enjoined by this Court, Defendant will continue to infringe the '866 Patent.

29. As a direct and proximate result of Defendant's infringement of the '866 Patent, USB Technologies has been and will continue to be damaged in an amount

yet to be determined, including but not limited to Plaintiff's lost profits and/or reasonable royalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. In favor of Plaintiff that Defendant has infringed the '866 Patent;

2. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '866 Patent as provided under 35 U.S.C § 284; but not less than a reasonable royalty; and

3. For such other and further relief as may be just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Respectfully submitted,

DATED: July 15, 2016          **COTMAN IP LAW GROUP, PLC**

                              s/Rasheed M. McWilliams
                              By:_____
                              Rasheed M. McWilliams
                              Obi I. Iloputaife
                              COTMAN IP LAW GROUP, PLC
                              35 Hugus Alley, Suite 210
                              Pasadena, CA 91103
                              (626) 405-1413/FAX: (626) 316-7577
                              *Attorneys for Plaintiff*
                              *USB Technologies, LLC*